IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**GREGORY LEANDRE,**

       **Petitioner,**

v.                                                    **Case No. 2:15-cv-05577**

**DEPARTMENT OF CORRECTIONS
(TALLAHASSEE), SECRETARY JULIE JONES,
and STATE OF FLORIDA,**

       **Respondents.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending is a Petition for a Writ of Mandamus (ECF No. 1) filed by the petitioner on May 1, 2015. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). An initial review of the petition demonstrates that this court lacks jurisdiction over this matter.

The petitioner is presently incarcerated in a Florida state prison in Raiford, Florida. According to his petition, on February 21, 2014, the petitioner was sentenced to serve 36 months in the custody of the Florida Department of Corrections ("FDOC") following his conviction on two counts of trafficking in oxycodone and one count of sale/manufacture/delivery of other schedule 1 and 2 narcotics. (ECF No. 1 at 1).

Then, on December 9, 2014, the petitioner was sentenced by the United States District Court for the Southern District of West Virginia to serve 37 months in federal

custody, following his guilty plea to one count of aiding and abetting the possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (*United States v. Leandre*, Case No. 2:13-cr-00142-02 (S.D. W. Va.) (Copenhaver, J.), ECF Nos. 69 and 83). The federal sentence was ordered to run consecutively to the petitioner's state sentence until January 1, 2015, and, thereafter, it was to run concurrently therewith. (*Id.*, ECF No. 83 at 2). The federal judgment further stipulated that the petitioner "be designated to an institution where a Comprehensive/Residential Drug Treatment program can be made available to him." (*Id.*)

The petitioner claims that, because he is currently housed in an FDOC facility, he is unable to participate in a federally-approved drug treatment program, and he requests that a writ of mandamus be issued to require the respondents to transfer him to a Federal Bureau of Prisons facility, so that he can participate in any and all programs that would be available to him if he were in federal custody. He further requests that his state and federal sentences continue to be run concurrently. (ECF No. 1 at 1-2).

## ANALYSIS

Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee <u>of the United States or any agency thereof</u> to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 [Emphasis added].

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 562 (4th Cir. 1977).

To the extent that the petitioner is seeking mandamus relief, he is asking a federal court to order a state court or its officials to act in a particular manner. A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner.

Rather, in the instant case, the proposed relief must be sought through a writ of habeas corpus under 28 U.S.C. § 2241, because it involves a challenge to the execution of a federal sentence, as opposed to its legality. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Furthermore, a section 2241 petition is properly filed in the district where the petitioner is in custody, rather than the district in which the sentence was imposed. *Miller*, 871 F.2d at 290; *see also In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (the proper venue for a section 2241 petition is the district of confinement). Accordingly, the appropriate federal jurisdiction, if any, for the petitioner to seek his requested relief is the United States District Court for the Middle District of Florida, Jacksonville Division.[1]

Therefore, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus against any Florida state officials as requested by the petitioner in his petition and the petition fails to state a claim upon which relief can be granted by this court. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Mandamus (ECF No. 1). It is further respectfully **RECOMMENDED** that the presiding District Judge construe the petition as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and **TRANSFER** this matter to the United States District Court for the Middle District of Florida, Jacksonville Division.

---

[1] The petitioner does not indicate, what, if any, steps he has taken to exhaust available administrative remedies. However, that is a matter that may be addressed by the Florida court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

October 29, 2015

Dwane L. Tinsley
United States Magistrate Judge

4